WILLIAMS, Judge.
Mr. and Mrs. Ronald Patterson executed a mortgage on their home in favor of St. *1134 Bernard Federal and Loan on May 31, 1983. After the execution of the mortgage, a fire damaged the home, the Patter-sons moved out and rented the house to William A. Hoffet1 (appellant) on a month-to-month basis. The Pattersons eventually defaulted on the mortgage.
St. Bernard Federal moved for executory process against the Pattersons. When service could not be effected a curator was appointed. The curator excepted to the executory process claiming irregularities in the mortgage documents. Subsequently, the instant foreclosure via ordinaria was filed.
In the second proceeding service could not be made and the same curator was appointed. A motion was filed and served on the curator petitioning for an assignment of rentals. On August 12, 1985, an order was signed requiring that all rents be assigned and paid to St. Bernard Federal. Hoffer was neither served nor notified of the motion.
On October 29, 1985, Hoffer received a certified letter regarding the order for the assignment of rents. On November 12, 1985 a motion for contempt against Hoffer was filed. The motion alleged a refusal to obey the Court’s order for an assignment of the rents. From a judgment finding him in contempt of court, Hoffer appeals. We have reviewed the record before the court and reverse the trial court’s ruling.
The Louisiana Code of Civil Procedure provides that to support a finding of contempt there must be a willful disobedience of a direct order of the court, see also City of Monroe v. Evans, 385 So.2d 912 (La. App. 2d Cir.1980). In this case there is no evidence that Hoffer willfully disobeyed a court order since he did not know of the judgment. Hoffer cannot be held in contempt unless it is shown that the court ordered him to do something which order he willfully refused to obey. Considering the fact that Hoffer was never served with the rule or the judgment assigning the rents, he cannot be held in contempt.
For the foregoing reasons the judgment of the trial court is reversed.
REVERSED.